**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | No. CR-16-01427-PHX-DGC |
| Plaintiff, | **ORDER** |
| v. | |
| Vincente Romero, Jr., | |
| Defendant. | |

Defendant Vincente Romero has filed a motion for compassionate release due to the COVID-19 pandemic. Doc. 62. The government has filed a response. Doc. 64. For reasons stated below, the Court will deny the motion.

**I.    Background.**

Defendant pled guilty to transportation of illegal aliens for profit in violation of 8 U.S.C. §1324(a). Docs. 49, 59. In May 2018, he was sentenced to fifteen months in prison, to be served consecutively to his state court sentence for drug offenses in Case No. CR2017-000033 (Maricopa Cty. Super. Ct. Nov. 20, 2017). Doc. 58.[1] Defendant presently is in federal custody at the Central Arizona Correctional Complex in Florence, Arizona, awaiting placement with the Bureau of Prisons ("BOP").

---

[1] *See* Judicial Branch of Ariz., Maricopa Cty., *Criminal Court Case Information – Case History*, http://www.superiorcourt.maricopa.gov/docket/CriminalCourtCases/caseInfo.asp?caseNumber=CR2017-000033 (last visited Sept. 24, 2020).

Defendant filed his motion for compassionate release on August 17, 2020. Doc. 62. The next day, the Federal Public Defender's Office filed a notice regarding Defendant's motion pursuant to General Order 20-28. Doc. 63. The notice states that appointment of counsel is not warranted because Defendant's motion presents no extraordinary or compelling reasons for compassionate release. *Id.* at 2. The government filed a response to the motion on August 21, 2020, arguing that Defendant has no medical condition that puts him at higher risk for severe illness from a COVID-19 infection, and that Defendant should not be released early because he poses a danger to the community. Doc. 64 at 1, 6-8. Defendant has filed no reply.

## II.     Compassionate Release Under 18 U.S.C. § 3582(c) and the First Step Act.

Compassionate release is governed by 18 U.S.C. § 3582(c), as amended by the First Step Act of 2018. Pub. L. No. 115-391, 132 Stat. 5194, at 5239-40 (2018); *see United States v. Parker*, No. 2:98-CR-00749-CAS-1, 2020 WL 2572525, at *4 (C.D. Cal. May 21, 2020) (citing *United States v. Willis*, 382 F. Supp. 3d 1185, 1187 (D.N.M. 2019)). Section 3582(c) previously provided for compassionate release only upon motion of the BOP Director. *See id.*; *United States v. McCollough*, No. CR-15-00336-001-PHX-DLR, 2020 WL 2812841, at *1 (D. Ariz. May 29, 2020). The First Step Act amended § 3582(c) to permit motions for compassionate release by prisoners. *See id.*; *United States v. Baye*, No. 3:12-CR-00115-RCJ, 2020 WL 2857500, at *8 (D. Nev. June 2, 2020) ("The First Step Act materially altered § 3582(c)(1)(A) as previously only the [BOP] Director could bring a motion for compassionate release.") (comparing § 3582(c)(1)(A) (2018) with § 3582(c)(1)(A) (2002)).

Specifically, amended § 3582(c) provides:

The court may not modify a term of imprisonment once it has been imposed except that –

(1) in any case –
(A) the court, upon motion of the Director of the [BOP], or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of

2

> the defendant's facility, whichever is earlier, may reduce the term of imprisonment . . . after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that –
>
> (i) extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c).[2]

While § 3582(c) does not define "extraordinary and compelling reasons," the Sentencing Commission has identified four categories that may qualify: serious medical conditions, advanced age, family circumstances, and a catch-all "other reasons." U.S.S.G. § 1B1.13, application note 1(A)-(D); *see United States v. Esparza*, No. 17-cr-1101-JAH, 2020 WL 2838732, at *2 (S.D. Cal. June 1, 2020); *United States v. Hays*, No. CR 18-00088-KD-N, 2020 WL 1698778, at *2 (S.D. Ala. Apr. 7, 2020).[3]

The following medical conditions constitute extraordinary and compelling reasons justifying compassionate release:

> (i) The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end of life trajectory)[.]
>
> (ii) The defendant is—
>
> > (I) suffering from a serious physical or medical condition,
> >
> > (II) suffering from a serious functional or cognitive impairment, or

---

[2] "Although relief under the statute is commonly referred to as 'compassionate release,' such relief is not limited to immediate release, but includes a reduction in sentence." *United States v. Marks*, No. 03-cr-06033-L, 2020 WL 1908911, at *3 n.3 (W.D.N.Y. Apr. 20, 2020); *see also United States v. Young*, No. 2:00-cr-0002-1, 2020 WL 1047815, at *6 (M.D. Tenn. Mar. 4, 2020) ("[A] majority of the district courts that have considered the issue have likewise held, based on the First Step Act, that they have the authority to reduce a prisoner's sentence upon the court's independent finding of extraordinary or compelling reasons.") (citations omitted).

[3] There is no policy statement specifically applicable to motions for compassionate release filed by prisoners under the FSA. By its terms, the current policy statement applies to motions for compassionate release filed by the BOP Director. U.S.S.G. § 1B1.13. The Sentencing Commission has not amended the current policy statement since the FSA was enacted, nor has it adopted a new policy statement applicable to motions filed by defendants. *See United States v. Beck*, 425 F. Supp. 3d 573, 579 (M.D.N.C. 2019) (citing *United States v. Gross*, No. 2:04-CR-32-RMP, 2019 WL 2437463, at *2 (E.D. Wash. June 11, 2019)). While the current policy statement may not constrain the Court's independent assessment of whether "extraordinary and compelling reasons" warrant a sentence reduction under § 3582(c)(1)(A)(i), it does provide helpful guidance. *See id.*

3

    (III) experiencing deteriorating physical or mental health because of the aging process,

that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

§ 1B1.13, application note 1(A).

## III.  Discussion.

As noted, the government argues that Defendant's motion must be denied because he has no medical condition that puts him at higher risk for severe illness from a COVID-19 infection, and otherwise has not shown extraordinary and compelling reasons for compassionate release. Doc. 64 at 1, 6-7. The Court agrees.[4]

Defendant's motion states, in its entirety: "I am requesting an early release due to COVID-19 health risk." Doc. 62 at 1. Defendant's concern about contracting COVID-19 is understandable. And while the Court is sympathetic to that concern, Defendant's motion must be denied because he has not shown the requisite extraordinary and compelling reasons for compassionate release under § 3582(c)(1)(A)(i). Defendant is 26 years old. *See* Doc. 55 at 2. He has identified no medical condition that puts him at higher risk for severe illness from a COVID-19 infection. *See* Doc. 62.

Defendant's general concern about possibly contracting the virus is not similar to what the Commission has articulated as criteria for compassionate release. *See Hays*, 2020 WL 1698778, at *3. This Court has "join[ed] other [c]ourts in the Ninth Circuit and across the country in finding that requests for compassionate release [based on] the presence of COVID-19 alone does not create extraordinary and compelling reasons for release." *United States v. Partida*, No. CR1708260001PCTDGC, 2020 WL 3050705, at *6 (D. Ariz. June 8, 2020) (quoting *Esparza*, 2020 WL 2838732, at *2 (citing cases)); *see also United States v. Atari*, No. 2:17-CR-00232-JAM, 2020 WL 2615030, at *2 (E.D. Cal. May 22,

---

[4] The government does not contend that Defendant has failed to exhaust administrative remedies. Defendant presently in is in the custody of the United States Marshal (Doc. 63 at 2), and the government notes that he may petition the BOP for compassionate release if any qualifying medical conditions exist once he is placed in a BOP facility (Doc. 64 at 1-2).

2020) ("Courts have found general concerns about possible exposure to COVID-19 'do not meet the criteria for extraordinary and compelling reasons for a reduction in sentence set forth in the Sentencing Commission's policy statement.'") (citations omitted).

What is more, Defendant has failed to show that he "is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)." 18 U.S.C. § 3582(c)(1)(A); *see United States v. Zazweta*, No. 4:16-CR-176-BLW, 2020 WL 5577876, at *1 (D. Idaho Sept. 17, 2020). Defendant was ordered detained pending trial because clear and convincing evidence showed that he is a danger to the community. Doc. 41 at 1. The Court cannot conclude on the present record that he no longer poses a danger to the community if released.

In summary, the Court will deny Defendant's motion for compassionate release. *See Zazweta*, 2020 WL 5577876, at *1 ("[T]he defendant has not carried her burden of showing 'extraordinary and compelling reasons' that would support a compassionate release and the Court cannot find that she would not be a danger to the community if released. Consequently, her motion will be denied."); *United States v. Gotti*, No. 02-CR-743, 2020 WL 497987, at *6 (S.D.N.Y. Jan. 15, 2020) (release was inappropriate regardless of extraordinary and compelling circumstances because the defendant posed a continuing danger to the public).[5]

**IT IS ORDERED** that Defendant's motion for compassionate release (Doc. 62) is **denied**.

Dated this 25th day of September, 2020.

David G. Campbell
Senior United States District Judge

---

[5] Given this ruling based on Defendant's failure to establish the requisite extraordinary and compelling reasons and to show that he poses no danger to the public, the Court need not decide whether the factors set forth in 18 U.S.C. § 3553(a) support compassionate release. *See* Doc. 64 at 8.

5